UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY KINER, )<br>)<br>*Petitioner* )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent* ) | CAUSE NO. 3:05-CV-392 RM<br>(Arising out of 3:03-CR-133(01)RM) |

OPINION and ORDER

On March 8, 2004, Corey Kiner pleaded guilty to Count 1 of a two-count indictment charging him with possession with intent to distribute 5 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b). He was sentenced on June 30, 2004 to a term of 60 months' imprisonment, to be followed by a four-year term of supervised release. Count 2, which charged Mr. Kiner with possession of a firearm in furtherance of a drug trafficking crime, was dismissed on the government's motion following sentencing. Mr. Kiner is now before the court on his petition filed pursuant to 28 U.S.C. § 2255 and on his motion in which he asks that he be afforded thirty days to submit a memorandum of law in support of his claims.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Kiner's plea agreement reveals that he waived his right to appeal his sentence and to contest his sentence in a § 2255 proceeding. Mr. Kiner's plea agreement, signed by Mr. Kiner, his attorney Thomas Durkin, and Assistant United States Attorney Jonathan Potter, contains the following language in paragraph 9(d):

> (d) . . . I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground in any appeal under Title 18, United states Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Although the paragraph's plain language evidences Mr. Kiner's agreement to not contest any sentence or the way it was determined, he now asks that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

"Plea agreements are contracts and must be interpreted according to principles of contract law." United States v. Randle, 324 F.3d 550, 557 (7th Cir. 2003). The government is bound by the terms of a plea agreement and must fulfill

any promise it makes in exchange for a defendant's plea of guilty. *See* Santobello v. New York, 404 U.S. 257 (1971); United States v. Schilling, 142 F.3d 388 (7th Cir. 1998). Prosecutors do not have the discretion to induce guilty pleas through promises that are not kept, Santobello v. New York, 404 U.S. at 262; United States v. Schilling, 142 F.3d at 395, and defendants are similarly bound. *Cf.* United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) ("In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' abilities to take advantage of what may happen over the period in which the contract is in effect.").

The waiver in a plea agreement of a right to appeal is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily," United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999), and that a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Mr. Kiner claims his Sixth Amendment rights were violated when his counsel rendered ineffective assistance at the time of sentencing

3

and his Fifth Amendment due process rights were violated, entitling him to be resentenced "based on accurate information."

Mr. Kiner hasn't claimed that his counsel was ineffective with respect to the negotiation of his plea agreement. Instead, Mr. Kiner says his counsel was ineffective at the time of sentencing, a complaint that has nothing to do with the issue of a deficient negotiation of the waiver in his plea agreement. *See* Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000) ("As to Bridgeman's allegations about counsel's performance at sentencing, however, the plea-agreement waiver is effective."). Mr. Kiner can't prevail on his claim of ineffective assistance of counsel at sentencing.

Nor can Mr. Kiner prevail on his second claim for relief. His claim that he should be "resentenced based on accurate information" is a challenge to his sentence and the manner in which it was determined, another option he agreed would not be available to him when he entered into his plea agreement with the government. While a sentence in excess of the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, *see* United States v. Bownes, 405 F.3d at 637, Mr. Kiner's sentence was not in excess of the 40-year maximum for violation of 21 U.S.C. § 841(a)(1).

Mr. Kiner states in his request for additional time to file a supporting memorandum of law that he "will not add any other issues to the one that he has already submitted." Mot., at ¶ 5. Because Mr. Kiner's plea agreement contains his

4

agreement to waive the right to make the claims he now advances in his petition, no memorandum of law or further argument is necessary. Mr. Kiner's motion for additional time [docket # 26] is DENIED, and his petition filed pursuant to 28 U.S.C. § 2255 is SUMMARILY DISMISSED.

    SO ORDERED.

    ENTERED:   July 11, 2005

                            /s/ Robert L. Miller, Jr.
                            Chief Judge
                            United States District Court

cc:   C. Kiner
      USA